UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Chukwuma E. Azubuko

   v.                                              Civil No. 06-cv-323-SM

Kathleen E. Coffey, et al.

**REPORT AND RECOMMENDATION**

Before the Court is pro se and in forma pauperis plaintiff Chukwuma Azubuko's complaint challenging proceedings in the Massachusetts state and federal courts regarding the repayment of Azubuko's student loans. Azubuko names Kathleen E. Coffey, a Judge in the Boston Municipal Court, West Roxbury Division, Richard L. Walsh, Clerk-Magistrate of the Boston Municipal Court, West Roxbury Division, Stephen Johnson, Deputy Suffolk County Sheriff, and Attorney Timothy J. McCarthy. The matter is before me for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(i). Because I find that it does not, I recommend that the action be dismissed.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to:

> (i) report and recommend to the court that the filing be dismissed because the allegation of poverty is untrue, the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); or
>
> (ii) grant the party leave to file an amended filing in accordance with the magistrate judge's directives; or
>
> (iii) pursuant to Fed. R. Civ. P. 4(c)(2), appoint a person to effect service.

LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

The allegations in the complaint are, at best, convoluted and difficult to understand. Construing the complaint liberally, however, it appears that Azubuko describes a series of lawsuits that were litigated in the Massachusetts state and federal courts regarding the repayment (or nonrepayment) of Azubuko's student loans. It is not clear what actions he challenges of what defendants, but all of the actions described occurred in the context of litigation that occurred in the Massachusetts courts. Azubuko and all of the defendants to this action are located in

Massachusetts, as was all the relevant state court litigation with which this matter is concerned.

## Discussion

1.  Subject Matter Jurisdiction

Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction to hear claims asking the court to rule on and reverse matters already decided by the state courts. Exxon Mobil Corp. v. Saudi Basic Indus., Inc., 544 U.S. 280, 284 (2005); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).  The Rooker-Feldman doctrine states that a review of a state court decision lies with superior state courts and then with the United States Supreme Court.  Feldman, 460 U.S. at 476; Rooker, 263 U.S. at 415.  Simply put, a federal district court does not have jurisdiction over an action that is essentially an appeal of the findings and judgments of a state court.  This court lacks jurisdiction over any action wherein, if plaintiff were to be granted relief, a prior judgment of the state court would be reversed or voided.  Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).  If plaintiff's claims in the federal court are "inextricably intertwined" with the state court's

decision, see Feldman, 460 U.S. at 486, this Court does not have jurisdiction to hear the matter.  This is the case even if the challenges to the lower court ruling are constitutional in nature.  Id.

It appears that Azubuko is seeking a judgment in this Court that would overturn or reverse the judgments entered in the Massachusetts state courts during litigation concerning plaintiff's student loans.  Even if there are claims in the complaint that, if decided here, would not reverse a state court decision, it is clear that all of the claims here are "inextricably intertwined" with the state court's decisions, and therefore are subject to the Rooker-Feldman doctrine. Accordingly, this Court lacks jurisdiction to consider Azubuko's claims and I recommend they be dismissed.

2.   Abusive Litigation Practices

Azubuko has been enjoined from filing civil actions in the United States District Court for the District of Massachusetts as a result of his vexatious filing practices there.  Chukwu v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, docket no. 13 (Order directing clerk not to accept for filing any further documents tendered pro se by plaintiff unless certain

conditions were met) (D.Mass. Sept. 6, 1995).  That Order was reaffirmed in Azubuku v. Commonwealth Auction Ass'n, C.A. 03-10053-PBS, docket no. 3 (Memorandum and Order) (D.Mass. Dec. 17, 2003) and Azubuko v. Suffolk Super. Ct., et al., C.A. No. 05-10609-RCL, docket no. 12 (Order for dismissal) (D. Mass. Apr. 6, 2006).  In an effort to circumvent the filing restrictions placed upon him by the United States District Court for the District of Massachusetts, Azubuko has filed actions in the Districts of Florida, Georgia, Louisiana, Delaware, Michigan, and now this Court.[1]  These actions allege causes of action appropriately brought in the District of Massachusetts, which has personal jurisdiction over both the plaintiff and the defendants named by plaintiff.

    A federal court may not sua sponte raise the issue of personal jurisdiction as the basis for dismissing a case, as personal jurisdiction is a waivable individual liberty right. McBee v. Delica Co., Ltd., 417 F.3d 107, 127 (1st Cir. 2005).

---

[1]This case is one of four cases recently filed in this Court by Azubuko, all of which would more appropriately have been brought in the District of Massachusetts.  See Azubuko v. Massachusetts Lawyers Weekly, Civ. No. 06-266 (filed July 19, 2006); Azubuko v. Mass. Ass't Att'y Gen., et al., Civ. No. 06-267 (filed July 19, 2006); Azubuko v. United States Court of Appeals - Tenth Cir., Civ. No. 06-00333 (filed Sept. 7, 2006).

Azubuko, as a law school graduate, is aware, however, that should the defendant in this case assert this Court's lack of personal jurisdiction as a defense, it would very likely be successful as there is no apparent basis upon which this Court could exercise personal jurisdiction over the defendant in this case absent the defendant's waiver.  Accordingly, I find that the only possible purpose Azubuko had in filing this matter in this Court was to attempt to evade the filing restrictions he would face in the District of Massachusetts.

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants."  Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993).  This power encompasses the Court's ability to enjoin a pro se party from filing frivolous and vexatious pleadings.  See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005).  Where a litigant has demonstrated a "propensity to file repeated suits . . . involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate.  Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam) (abrogated on other grounds by Stevens v. Dep't of the Treasury, 500 U.S. 1 (1991)).

To this end, I have recommended, in a Report and Recommendation issued this date in <u>Azubuko v. Mass. Lawyers Weekly</u>, Civ. No. 06-266, that an injunction issue prohibiting Azubuko from filing further action in this Court without the prior approval of a judicial officer.  This Court is mindful of the severity of issuing a broad injunction against a pro se plaintiff.  <u>See</u> <u>Castro</u>, 775 F.2d at 410 ("[I]f an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts"); <u>Pavilonis v. King</u>, 626 F.2d 1075, 1079 (1st Cir.), <u>cert. denied</u>, 449 U.S. 829 (1980).

## Conclusion

I recommend that this action be dismissed for failure to state a claim upon which relief might be granted.  <u>See</u> LR 4.3(d)(1)(B).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauth'd Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir.

1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                  _____
                                                  James R. Muirhead
                                                  United States Magistrate Judge

Date:     November 9, 2006

cc:       Chukwuma Azubuko, pro se